IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY JEROME EDWARDS, #22223**                                                      **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:08-CV-104-LG-RHW**

**JIM HOOD, KATHY K. JACKSON,**
**TANYA HASBROUCK AND JAYE A. BRADLEY**                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The Plaintiff, Anthony Jerome Edwards has filed a civil action in this Court pursuant to 42 U.S.C. § 1983.  This cause comes before this Court *sua sponte* for consideration of dismissal. On April 28, 2008, an order [6] was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Plaintiff has, on three occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1]  The Court ordered Plaintiff to pay the full filing fee within twenty days.  The Plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case.

On May 19, 2008, Plaintiff filed a second motion to proceed *in forma pauperis* [8] attaching his inmate bank account statements and requesting the Court to allow him to proceed on a payment schedule.  On May 21, 2008, this Court entered an order [9] denying Plaintiff's second motion to proceed *in forma pauperis* and directing the Plaintiff to pay the filing fee, on or before June 9, 2008.  On June 6, 2008, Plaintiff filed a response [10] to this Court's order

---

[1] In *Edwards v. Puckett, et al.,* No. 2:95-CV-228-CWP (S.D. Miss. July 15, 1996), Plaintiff's cause was dismissed for failure to state a claim.
   In *Edwards v. Ishee, et al.,* No. 1:98-CV-13-WJG (S.D. Miss. March 31, 1998), Plaintiff's cause was dismissed for failure to state a claim.
   In *Edwards v. Greer, et al.,* No. 4:05-CV-130-LS (S.D. Miss. September 28, 2006), Plaintiff's cause was dismissed for failure to state a claim.

denying his motion for to proceed *in forma pauperis* [9]. In his response, Plaintiff argued that he did not have three strikes and would like to proceed *in forma pauperis* and asked the Court to set a payment schedule. The Plaintiff's request was denied by this Court's order [11] entered on June 13, 2008 and the Court gave Plaintiff a **final** opportunity to pay the filing fee, within fifteen days. The Plaintiff was explicitly warned that if the Court did not receive payment of the filing fee for this case, within fifteen days, this case would be dismissed, without further notice to the Plaintiff. The Plaintiff has failed to pay the filing fee. Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of April 28, 2008, May 21, 2008 and June 13, 2008, this case will be dismissed.

Title 28, United States Code, Section 1915(g) provides that:

> **In no event shall a prisoner bring a civil action** or appeal a judgment in a civil action or proceeding **under this section if the prisoner has, on 3 or more prior occasions, while incarcerated** or detained in any facility, **brought an action** or appeal in a court of the United States **that was dismissed on the grounds that it** is frivolous, malicious, or **fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury. (emphasis added)

The statutory mandate is clear. Despite his protestations, the record demonstrates that on not less than three occasions, and while in custody, Edwards has brought civil actions that were eventually dismissed for failure to state a claim. In addition, he has failed to demonstrate "imminent danger or serious physical injury" and failed or refused to pay the requisite civil action filing fee. Thus, pursuant to §1915(g), he is barred from bringing this civil action in forma pauperis.[2]

---

[2]The Court notes that 28 U.S.C. § 1915(g) applies to a "civil action or appeal." However § 1915(g) does not bar a prisoner from proceeding in forma pauperis on a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997) (citing *United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir.1996)).

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. See *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with three prior court orders. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. See *Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

1:08-cv-104-LG-RHW